Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO Y CRÉDITO DE BARRANQUITAS (CREDICENTRO COOP) <br><br> Recurrido <br><br> v. <br><br> KASANDRA ORTIZ ECHEVARRÍA <br><br> Peticionario | TA2025CE00664 | *Certiorari* <br> Procedente del Tribunal de Primera Instancia, Sala de TOA ALTA <br><br> Caso Núm.: <br> TA2024CV00956 <br><br> Sobre: <br> Cobro de Dinero (ordinario) |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

### **RESOLUCIÓN**

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

El 22 de octubre de 2025, Kasandra Ortiz Echevarría (la peticionaria) acudió ante este Tribunal de Apelaciones mediante un *Certiorari* en el que nos solicita la revocación de la *Orden* dictada y notificada en el caso de epígrafe el 4 de septiembre del año en curso. En el referido dictamen, el Tribunal de Primera Instancia, Sala Superior de Toa Alta determinó no relevar a la peticionaria de la *Sentencia en Rebeldía* dictada en su contra.

Estudiado el legajo apelativo, en virtud del derecho aplicable que más adelante consignamos, resolvemos denegar la expedición del auto de *certiorari*.

**-I-**

El tracto procesal del pleito es uno de naturaleza sencilla. El 26 de agosto de 2024, la Cooperativa de Ahorro y Crédito de Barranquitas (parte recurrida o Cooperativa) presentó una *Demanda* en cobro de dinero contra la peticionaria. Allí, alegó que esta recibió un préstamo personal por la cantidad de $10,000.00, del cual al 2 de agosto de 2024 se adeudaban todavía

$8,485.15 por concepto de principal y $343.13 en intereses y recargos. También reclamó que dicha suma se encuentra líquida, vencida y exigible.[1]

Tiempo después, específicamente el 11 de noviembre de 2024, la Cooperativa presentó *Moción Presentando Emplazamiento Diligenciado, Solicitud de que se anote la Rebeldía y se dicte Sentencia.* En esta, informó que el emplazamiento expedido por el tribunal fue debidamente diligenciado el 3 de septiembre de 2024. También señaló que, pese a que el plazo que allí se indicó se tenía para contestar la demanda, la peticionaria así no lo había hecho. Por esta razón, solicitó que se le anotara la rebeldía y se dictara sentencia en rebeldía en su contra.[2]

El 12 de noviembre de 2024, notificada el 13, el TPI dictó *Sentencia en Rebeldía* en la que, habiéndole anotado la rebeldía a la peticionaria, procedió a dictar sentencia a favor de la parte recurrida. En consecuencia, resolvió condenar a la peticionaria a "pagar a la Parte Demandante la suma $8,828.31, correspondiente al principal, más los intereses y recargos que acumule la deuda hasta su total saldo, reconociendo que dicho Principal ($8,485.15) continúa acumulando intereses a razón del 13.49% anual y recargos, conforme lo estipulado en el Pagaré, hasta su total saldo, más la cantidad pactada en el Pagaré equivalente al 20% del balance principal de la obligación al momento de asumirse la misma ($10,000.00), para honorarios de abogados, equivalentes a $2,000.00, los cuales son exigibles en su totalidad por la sola radicación de la Demanda."[3]

Posteriormente, el 26 de febrero de 2025, la Cooperativa sometió escrito en el que informó que el 6 de febrero de 2025, citó mediante correo certificado a la peticionaria para una deposición post sentencia; que ésta compareció a las oficinas de sus abogados, más se negó a responder las

---

[1] SUMAC TPI, Entrada Núm. 1.
[2] *Id.*, Entrada Núm. 3. Estimamos importante señalar que allí se certificó habérsele notificado copia del escrito a la peticionaria a la dirección que se informó en la *Demanda*.
[3] *Íd.*, Entrada Núm. 6.

preguntas. Por estas razones, solicitó que el foro primario dictara una orden a las instituciones bancarias de Puerto Rico, al Departamento de Transportación y Obras Públicas y al Departamento de Hacienda con el fin de que le informaran sobre cualquier bien de cualquier naturaleza perteneciente a la peticionaria que sus récords arrojaran.[4]

Dos días después, la peticionaria acudió por derecho propio ante el foro primario y, en virtud de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2, solicitó por primera vez el relevo de la sentencia dictada en su contra. Específicamente, expuso que, al ser emplazada, se comunicó a la oficina de la representación legal de la Cooperativa "para alcanzar un acuerdo de pago de $100 mensuales". Según indicó, entendió que el banco notificaría del acuerdo al tribunal, más para su sorpresa, recibió una sentencia en rebeldía dictada en virtud de una moción- de la que surge que nunca le fue notificada. A su vez, manifestó haber comparecido a las oficinas de los abogados bajo la premisa de que se firmaría el acuerdo, más al llegar allí se le quería deponer.

Habiéndosele ordenado a la Cooperativa expresarse en cuanto a este escrito, el 18 de marzo de 2025, esta presentó *Réplica a Moción Informativa y en Oposición*. Al hacerlo, aunque aceptó que sí se comenzaron conversaciones transaccionales, aclaró que se le advirtió a la peticionaria que los acuerdos debían ser recogidos en una estipulación e indicó que "el acuerdo nunca se concretó, pues, la Parte Demandada cesó las comunicaciones para formalizar el mismo." Según la Cooperativa, es por esto por lo que solicitó la anotación de rebeldía y que se dictara sentencia en rebeldía.[5] Mediante *Orden* del 21 de marzo de 2025, el foro primario declaró No Ha Lugar el relevo.[6]

---

[4] Véase, *Moción en Solicitud de Expedición de Orden para Conocer Bienes. Íd.* Entrada Núm. 9.
[5] SUMAC TPI, Entrada Núm. 13.
[6] *Íd.*, Entrada Núm. 14.

Varios meses después, el 14 de julio de 2025, la Cooperativa solicitó la ejecución de la sentencia. Con tal propósito sometió proyecto de orden y mandamiento. El Mandamiento fue expedido al día siguiente; fecha en la que también se expidió orden de ejecución de sentencia. En precisamente en esa fecha, el 15 de julio de 2025, que la peticionaria acudió mediante *Moción para Asumir Representación Legal*.

Entonces, habiéndose autorizado esta, el 14 de agosto de 2025, presentó *Moción de Relevo de Sentencia por Nulidad* y *Moción Urgente en Solicitud de Remedio Provisional (Paralización)*. En el primero de estos escritos, repitió los argumentos levantados en su comparecencia por derecho propio. Sin embargo, añadió que el escrito mediante el cual la Cooperativa solicitó que se le anotara la rebeldía y se dictara sentencia en su contra, le fue notificado en una fecha posterior a la que se certificó. Así pues, solicitó el relevo de la sentencia en rebeldía "puesto que no solo la demandante indujo a error a la demandada, sino que violentó su derecho a un debido proceso de ley sobre notificación debida y oportuna." En el segundo, indicó que, como parte de la ejecución de sentencia, se embargó una cuenta que ni siquiera le pertenece, sino que es de su hija, quien únicamente ha depositado en la misma. Así, solicitó al foro primario que tomara conocimiento de ello, acogiera su escrito en todos sus extremos y dictara cualquier providencia que en Derecho y equidad procediera. [7]

El 3 de septiembre de 2025, la Cooperativa se opuso a la solicitud de relevo de sentencia y de paralización. Afirmó que la solicitud de relevo descansa en planteamientos ya resueltos en el caso. Afirmativamente, también reclamó que ninguna de las razones que justifican el relevo estaban presentes en el caso, por lo que procedía denegar su pedido. Estudiada la oposición, el 4 de septiembre de 2025, el TPI emitió la determinación recurrida en la que denegó el relevo de la sentencia solicitado por la

---

[7] *Íd.*, Entradas Núm. 20 y 21.

peticionaria. Inconforme, esta solicitó reconsideración que fue declarada No Ha Lugar mediante *Orden* del 22 de septiembre de 2025.[8]

En desacuerdo aun, el 22 de octubre del año en curso procedió a instar el recurso de epígrafe donde realizó el siguiente señalamiento de error:

> "ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR MEDIANTE ORDEN UNA RECONSIDERACIÓN DE UNA RESOLUCIÓN QUE DECLARÓ NO HA LUGAR UNA SOLICITUD DE RELEVO DE SENTENCIA PRESENTADA POR LA PARTE APELANTE"

Atendido el recurso, ese mismo día le ordenamos a la parte recurrida a comparecer dentro del término que la Regla 37 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), establece para presentar su posición. Sin embargo, pese a la oportunidad concedida, el plazo para comparecer venció sin que así lo hiciera. Debido a ello, damos por sometido el asunto sin el beneficio de su comparecencia y procedemos a resolver.

**-II-**

*-A-*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos

---

[8] *Íd.*, Entradas Núm. 25, 26 y 27.

allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *Rivera et al. v. Arcos Dorados et al., supra,* a la pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[9]

---

[9] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

*-B-*

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2, establece el mecanismo procesal que tiene disponible un peticionario para solicitar el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos. *Pérez Ríos v. Luma Energy, LLC*, 213 DPR 203, 214 (2023). En lo pertinente la regla autoriza al Tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.[10]

Para que proceda el relevo de sentencia según la Regla 49.2 de Procedimiento Civil, *supra*, el "peticionario del relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la regla". *Pérez Ríos v. Luma Energy, LLC, supra,* pág. 215 al citar a *García Colón v. Sucn. González*, 178 DPR 527, 540 (2010). Es importante recordar que, pese a que la decisión de relevar a una parte de los efectos de una sentencia es una discrecional, no será así en casos de nulidad o cuando la sentencia ha sido satisfecha. *Id*. Igual de significativo es considerar que la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba. Estos son fundamentos

---

[10] Véase Regla 49.2 de Procedimiento Civil, *supra*. Véase también, *Oriental Bank v. Pagán Acosta*, 2024 TSPR 133, 215 DPR ___ (2024)

para la reconsideración o la apelación del dictamen, pero no para el relevo. *García Colón et al. v. Sucn. González, Íd.*, págs. 542-543.

Cónsono con lo anterior, el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *Íd.*, a la pág. 543. En consecuencia, la Regla 49.2, *supra*, es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que "en ningún caso exceda los seis meses [...]." *Íd*. Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula. *Náter v. Ramos*, 162 DPR 616, 625 (2004).

**-III-**

No albergamos duda de que el *certiorari* es el vehículo adecuado para atender la cuestión planteada. Ello así, pues estamos ante una determinación interlocutoria post sentencia que solamente puede ser revisable mediante dicho recurso. De lo contrario, los dictámenes post sentencia quedarían sin posibilidad alguna de revisión apelativa. Así pues, para determinar si procede la expedición de un recurso discrecional de *certiorari* en los que se recurre de determinaciones post sentencia es preciso acudir a lo dispuesto en la Regla 40 de nuestro Reglamento.[11]

Establecido lo anterior, y en cuanto a los méritos de la controversia, luego de una evaluación pormenorizada del expediente al amparo del derecho aplicable arriba consignado, determinamos denegar la expedición del auto de *certiorari* solicitado por la peticionaria. Los argumentos de la peticionaria no nos persuaden a ejercer nuestra función revisora discrecional e intervenir con el dictamen recurrido.

A nuestro juicio, no se satisfacen los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*. La decisión recurrida no es contraria a derecho. Por lo tanto, no intervendremos.

---

[11] *BPPR v. SLG Gómez-López, supra,* págs. 336-337 al mencionar a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012).

**-IV-**

Por todo lo antes consignado, **denegamos** expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

**-IV-**

Por todo lo antes consignado, **denegamos** expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.